**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-1839
_____

MATTHEW CHRISTIAN MILISITS,
Appellant

v.

SUPERINTENDENT BENNER TOWNSHIP SCI;
ATTORNEY GENERAL PENNSYLVANIA;
DISTRICT ATTORNEY WESTMORELAND COUNTY
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(District Court No. 2:20-cv-01452)
Magistrate Judge: Honorable Kezia O.L. Taylor
_____

Argued April 29, 2026
_____

Before: CHAGARES, <u>Chief Judge</u>, ROTH and RENDELL, <u>Circuit Judges</u>

(Filed: July 29, 2026)

R. Damien Schorr    [ARGUED]
1015 Irwin Drive
Pittsburgh, PA 15236
        *Counsel for Appellant*

Jeremy L. Mains     [ARGUED]
Westmoreland County Office of District Attorney
2 N Main Street, Suite 206
Greensburg, PA 15601
        *Counsel for Appellees*

_____

OPINION[*]

_____

CHAGARES, <u>Chief Judge</u>.

Matthew Milisits is serving a lengthy sentence that was imposed by the Court of Common Pleas of Westmoreland County after he pled guilty to third degree murder. He has filed a petition for a writ of habeas corpus, claiming that he received ineffective assistance of counsel because his attorney did not advise him of a potential defense to his crime before he pled guilty.

The state courts never addressed this claim, nor did they afford Milisits an evidentiary hearing on it. The District Court denied habeas relief and an evidentiary hearing. We agree with Milisits that this claim warrants an evidentiary hearing. For the reasons that follow, we will vacate the District Court's judgment and remand this matter for further proceedings, including an evidentiary hearing on Milisits's ineffective assistance claim.

I.[1]

Milisits was charged in 2012 in the Court of Common Pleas of Westmoreland County with several counts relating to the death of his two-month-old daughter. The prosecution theorized that Milisits caused the infant's death by violently shaking her, leading to severe brain trauma referred to as Shaken Baby Syndrome. Milisits eventually

_____

[*] This disposition is not an opinion of the full Court and, pursuant to 3d Cir. I.O.P. 5.7, does not constitute binding precedent.

[1] Because we write for the parties, we recite only facts pertinent to our decision.

2

pled guilty to third-degree murder.  In connection with the guilty plea, Milisits completed a Guilty Plea Petition, which stated that his lawyer at the time ("Plea Counsel") had "counseled and advised [him] on . . . all possible defenses that [he] might have in this case."  Appendix ("App.") 89.

Milisits was sentenced to a term of imprisonment of 20 to 40 years.  He appealed, arguing that the sentence was excessive.  The Pennsylvania Superior Court affirmed the judgment, Commonwealth v. Milisits, No. 352 WDA 2015, 2015 WL 5935568 (Pa. Super. Ct. Sept. 29, 2015), and the Pennsylvania Supreme Court denied a petition for allowance of appeal, Commonwealth v. Milisits, 130 A.3d 1288 (Pa. 2015).

Milisits filed a pro se petition for collateral relief pursuant to Pennsylvania's Post Conviction Relief Act ("PCRA") in December 2016.  Shortly thereafter, his attorney filed a counseled petition.  At a hearing on the petition, however, PCRA counsel sought to withdraw at Milisits's request.  The court appointed new counsel, who filed a no-merit letter and eventually withdrew.  Milisits then filed a pro se amended PCRA petition.

In his pro se amended PCRA petition, Milisits argued for the first time that plea counsel had provided ineffective assistance because counsel advised Milisits to plead guilty without first discussing possible defenses to Shaken Baby Syndrome, including an unsigned expert report from Dr. James Smith (the "Smith report").  The Smith report observes that Shaken Baby Syndrome is a medical hypothesis about the cause of the baby's death, but that other hypotheses exist to explain the injuries, such as a fall or a pre-existing medical condition.  The report also posits that the infant's autopsy in Milisits's case may not support Shaken Baby Syndrome, as it does not note significant

3

trauma. The Smith report was accompanied by a law journal article by a neurosurgery professor opining that the injuries associated with Shaken Baby Syndrome may have causes other than violent shaking. Milisits contended that had he seen his full case file, including the Smith report and accompanying article, he would not have pled guilty. In other words, he claimed that his guilty plea was not made knowingly due to Plea Counsel's inadequate pre-plea counseling.

The Court of Common Pleas issued a notice of intent to dismiss the amended PCRA petition, concluding that Milisits's plea was "voluntary and of his own volition." App. 379. The PCRA court rejected the claim that Milisits's Plea Counsel "was ineffective for failing to argue certain defenses" because, after a voluntary guilty plea, "any possible defenses became moot." App. 379. The PCRA court did not comment on whether Plea Counsel provided effective assistance in counseling Milisits before he entered the plea. Milisits objected to the notice of intent to dismiss, and the court declined to dismiss, instead appointing new counsel.

Counsel filed another amended PCRA petition, again urging that plea counsel had been ineffective for failing to advise Milisits pre-plea of a "potential defense of arguable merit" to the third-degree murder charge. App. 429. The PCRA court ultimately denied relief without an evidentiary hearing. It concluded that the plea had been voluntary, relying on Milisits's Guilty Plea Petition statement "that he was aware of the elements of the offense, and all possible defenses." App. 432.

Around that time, Milisits asked to proceed pro se for his PCRA appeal to the Superior Court. The PCRA court held a hearing to decide whether to permit Milisits to

4

appeal pro se. At that hearing, in the course of discussing potential witnesses, counsel explained to the court that he had spoken to "the doctor whose report is in [the petition]" — presumably Dr. Smith — and he "refused to sign a report and would not be available to witness his notice." App. 513–14.[2] At the conclusion of that hearing, the PCRA court granted Milisits's request to proceed pro se on appeal.

On appeal, the Superior Court observed that the Smith report, which was dated well before Milisits's guilty plea, indicated that Plea Counsel had investigated the possible defense. It relied on Milisits's statements in the plea colloquy that Milisits had discussed all possible defenses with Plea Counsel and that he was guilty of the offense. The Superior Court affirmed the PCRA denial. See Commonwealth v. Milisits, No. 1411 WDA 2018, 2020 WL 33251 (Pa. Super. Ct. Jan. 2, 2020). The Pennsylvania Supreme Court denied Milisits's petition for allowance of appeal on his PCRA petition. See Commonwealth v. Milisits, 237 A.3d 966 (Pa. 2020).

Milisits then filed the underlying pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 in the United States District Court for the Western District of Pennsylvania. Milisits claimed (among other things) that plea counsel was ineffective for failing to consult with him about the Smith report and related defenses prior to encouraging him to plead guilty. The parties agreed to proceed before a Magistrate Judge, who denied the petition without an evidentiary hearing.

---

[2] Counsel's statement was not made under oath, plea counsel did not testify, and the state courts did not rely on this statement to deny Milisits's PCRA petition.

Milisits timely filed a notice of appeal. We granted a certificate of appealability on the pre-plea ineffective assistance claim and appointed new counsel to represent him. He seeks an evidentiary hearing.

II.[3]

A petitioner's ability to obtain an evidentiary hearing in a habeas proceeding ordinarily is quite restricted. If the petitioner failed to develop the factual basis for his claim in state court, for instance, there are only limited circumstances where a hearing is permissible. See 28 U.S.C. § 2254(e)(2). In addition, when a habeas court considers a claim that was adjudicated on the merits in state court, that review is typically limited to the record that was before the state court at the time. Cullen v. Pinholster, 563 U.S. 170, 181 (2011); cf. Fooks v. Superintendent, Smithfield SCI, 96 F.4th 595, 598 (3d Cir. 2024) (discussing an exception to Pinholster). These restrictions do not apply to Milisits, however, because the state PCRA courts never addressed the merits of the habeas claim he has brought before us.

A habeas claim has been adjudicated on the merits in state court when the state court finally resolves the claim on substantive grounds. Thomas v. Horn, 570 F.3d 105, 115 (3d Cir. 2009). If a habeas claim has been presented to the state court and the state court has denied relief, we presume that the state court adjudicated the claim on the

---

[3] The District Court had jurisdiction under 28 U.S.C. § 2254, and we have jurisdiction under 28 U.S.C. §§ 1291 and 2253. Where a District Court denies habeas relief without holding an evidentiary hearing, we review the decision not to hold a hearing for abuse of discretion. Fooks v. Superintendent, Smithfield SCI, 96 F.4th 595, 597 (3d Cir. 2024).

merits. Harrington v. Richter, 562 U.S. 86, 99 (2011). This presumption may be overcome, however, if there is reason to think that another explanation for the state court's decision is more likely. Id. at 99–100. Here, Milisits has overcome the presumption of adjudication on the merits. It is apparent that the state courts misapprehended his ineffective assistance claim and therefore never finally resolved the claim on substantive grounds.

The PCRA court considered whether Milisits's plea colloquy was constitutionally sufficient and whether plea counsel had been ineffective "for failing to argue certain defenses." App. 379. Although Milisits raised the separate issue of whether Plea Counsel had been ineffective for failing to adequately counsel him on potential defenses before he entered his plea, the PCRA court never addressed that issue. The PCRA court also relied on Milisits's pre-plea statement that he was aware of "all possible defenses," App. 432, but it did not consider whether Milisits made the statement after being fully informed of those defenses.

The Superior Court similarly did not consider Milisits's specific ineffective assistance claim. It rejected the related claim that counsel did not investigate possible defenses, but it did not consider the claim that Plea Counsel failed to inform Milisits of those defenses prior to the guilty plea. It, too, relied on Milisits's attestation that Plea Counsel advised him on "all possible defenses," App. 440, without probing further. On this record, we conclude that Milisits's ineffective assistance claim was never adjudicated on the merits for purposes of 28 U.S.C. § 2254.

Assuming that his allegations are true — as we must at this juncture, given the absence of evidence on this claim — Milisits has made a prima facie showing of ineffective assistance and the record does not refute his allegations or preclude relief.[4] See Fooks, 96 F.4th at 598. The state courts never adjudicated the claim on the merits, and Milisits has never been permitted an evidentiary hearing to explore its factual basis. We therefore conclude that an evidentiary hearing should have been granted.

III.

For the foregoing reasons, we will vacate the District Court's judgment and remand this matter for further proceedings consistent with this opinion, including an evidentiary hearing.

---

[4] To ultimately prevail on his habeas claim, Milisits must show that plea counsel's advice was objectively unreasonable and that, but for that advice, he would not have pled guilty and would have insisted on going to trial. See Hill v. Lockhart, 474 U.S. 52, 57-59 (1985). An attorney's failure to provide his client with key defense material can constitute deficient performance at the plea stage. See, e.g., Gaylord v. United States, 829 F.3d 500, 507–08 (7th Cir. 2016) (finding counsel's failure to provide the defendant with postmortem and pathology reports stating the cause of death so that the defendant could make an informed decision on whether to plead guilty constituted deficient performance); United States v. Kauffman, 109 F.3d 186, 190–91 (3d Cir. 1997) (granting habeas relief on the grounds that counsel's failure to conduct any investigation of potential insanity defense before advising the defendant to plead guilty constituted ineffective assistance). We express no view at this time on the merits of the ineffective assistance claim.